**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOUHAMADOU LAMINE AMAR, | Civil Action No. 16-3592 (MAS) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**SHIPP, District Judge**

Mouhamadou Lamine Amar ("Petitioner") filed a counseled Motion to Vacate, Set Aside, or Correct his federal sentence ("Motion") pursuant to 28 U.S.C. § 2255. (Pet'r's Mot., ECF No. 1.) Petitioner requests a continued stay of his Motion. (Pet'r's Letter, ECF No. 9.) Respondent opposes the request. (Resp't Letter, ECF No. 10.) For the reasons explained below, the Court will lift the stay, deny the Motion, and deny Petitioner a certificate of appealability.

## I. BACKGROUND

On March 28, 2014, Petitioner pled guilty to Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), and brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *See* Minutes of Proceedings, *United States v. Amar*, Crim. No. 13-630 (D.N.J. Mar 28, 2014), ECF No. 11; Plea Agreement, *Amar*, No. 13-630, ECF No. 12. Petitioner was sentenced to a total of 114 months imprisonment. Judgment, *Amar*, Crim. No. 13-630, ECF No. 18.

On or about June 20, 2016, Petitioner filed the instant Motion seeking to challenge his conviction under § 924(c) following the Supreme Court's decision in *Johnson v. United States*,

135 S. Ct. 2551 (2015). (Pet'r's Mot.) On April 11, 2017, the Motion was stayed pending the Supreme Court's resolution of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018); *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), *cert. denied*, 138 S. Ct. 215 (2017); and *United States v. Galati*, 844 F.3d 152 (3d Cir. 2016), *cert. denied*, 138 S. Ct. 636 (2018). (Letter Order, ECF No. 3.) After the Supreme Court's decision in *Dimaya*, this Court ordered Petitioner to file a status update of his case, informing the Court whether he intended to proceed on his Motion. (Text Order, Aug. 15, 2018, ECF No. 5.) On September 28, 2018, Petitioner's counsel filed a letter seeking a continued stay in this case, pending resolution of six consolidated cases before the Third Circuit.[1] (Pet'r's Letter.) Respondent filed a letter in opposition. (Resp't's Letter.)

## II. ANALYSIS

### A. Staying the Motion

Petitioner points to six consolidated cases that he alleges "address the main issue presented in [Petitioner's] *Johnson* petition: whether Hobbs Act robbery may serve as a predicate for a conviction under 18 U.S.C. § 924(c)." (Pet'r's Letter 1.) Petitioner also concedes, however, that these cases do not address the "merits" of *Robinson*, but only whether the application for leave to file a second or successive 28 U.S.C. § 2255 petition is non-frivolous. (*Id.* at 2.)

A review of the consolidated cases establishes that they have no bearing on the merits of this habeas Motion. The cases address only whether the Third Circuit should authorize the filing of the petitioners' proposed second or successive motions under 28 U.S.C. § 2255. *See* Consolidated Brief for Petitioners at 3, 25, 30, 33, *In re: David Dupree*, Appeal No. 16-2080, (3d

---

[1] The six consolidated cases referenced by Petitioner are: "*In re: David Dupree*, Appeal No. 16-2080; *In re: Sebastian Williams*, Appeal Nos. 16-2273 & 16-2312; *In re: Larry Smith*, Appeal No. 16-2414; *In re: Russell McNeill, III*, Appeal No. 16-2422; *In re: Michael Matthews*, Appeal No. 16-2027." (Pet'r's Letter 1.)

Cir. July 30, 2018) (stating "the merits of Petitioners' proposed challenges are not before the Court"; "Petitioners, of course, are not yet in a position to challenge § 924(c)(3)(B) on the merits"; "[the government presents] a merits argument, which the Court does not consider at the § 2255(h)(2) authorization stage"). In this case, Petitioner is not seeking to file a second or successive petition. Thus, the Court finds any connection to the consolidated cases too tenuous to have any bearing here. To the extent the Third Circuit grants leave for the petitioners, in those cases, to file second or successive petitions, Petitioner may similarly seek to do so at that time. Accordingly, the Court will lift the stay and address Petitioner's habeas Motion on the merits.

**B.  Merits Analysis**

Title 18, section 924(c) of the United States Code prescribes certain enhanced punishments for any person who uses, carries, possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c). The statute defines a "crime of violence" to mean "an offense that is a felony" and either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). The first clause is commonly referred to as the "elements clause" and the latter as the "residual clause." *See United State v. Davis*, 139 S. Ct. 2319, 2324 (2019) (referring to § 924(c)(3)(A) as the "elements clause" and § 924(c)(3)(B) as the "residual clause"). In *Davis*, the Supreme Court found the residual clause of § 924(c) unconstitutionally vague. *Id.* at 2336. But *Davis* did not invalidate the elements clause of § 924(c). *See United States v. Kennedy*, No. 19-1591, 2019 WL 4316867, at *1 (3d Cir. Sept. 9, 2019) (noting the elements clause § 924(c) "survives *Davis*"). Thus,

Petitioner's § 924(c) conviction is valid so long as his underlying crime of Hobbs Act robbery was a "crime of violence" under the elements clause of the statute.

In *Robinson*, the Third Circuit held that brandishing a firearm in the commission of Hobbs Act robbery under 18 U.S.C. § 1951(a) is a crime of violence under the elements clause of § 924(c)(3)(A). 844 F.3d at 144. Ordinarily, when "courts determine whether a crime is a crime of violence, they compare the elements of the predicate offense to the definition of 'crime of violence,' in what is referred to as the categorical approach." *United States v. Thomas*, 703 F. App'x 72, 78 (3d Cir. 2017) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). In *Robinson*, however, the Third Circuit used a "modified categorical approach," finding the categorical approach inappropriate in cases where the "predicate offense . . . and the § 924(c) offense are contemporaneous." 844 F.3d at 141–43. In such cases, "the record of all necessary facts are before the district court," and these facts "unmistakably shed light on whether the predicate offense was committed with 'the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* at 141. The *Robinson* court specifically noted that "facts that may support the conclusion that a particular crime is a 'crime of violence' are those that have either been found by the jury or admitted by the defendant in a plea." *Id.* at 143.

In this case, Petitioner entered into a plea agreement in which he stipulated that "a firearm was brandished and possessed" in the commission of the robbery. Plea Agreement 8. Thus, Petitioner's Hobbs Act robbery constitutes a crime of violence under the elements clause of § 924(c). *See Robinson*, 844 F.3d. 144; *see also United States v. Kennedy*, 720 F. App'x 104, 110 (3d Cir. 2017) (reaffirming *Robinson*, that Hobbs Act robbery committed while brandishing a firearm is a crime of violence). Petitioner argues that *Robinson* was wrongly decided because the Court failed to use the traditional "categorical approach" in conflict with other Circuits. (Pet'r's

4

Letter 2.) Petitioner further argues that while *certiorari* was denied in *Robinson*, the Supreme Court is not precluded "from reviewing a case or cases from other circuits where the issue presented arises." (*Id.*) This Court declines to adopt Petitioner's reasoning. *Robinson* unquestionably establishes that Petitioner's conviction under § 924(c) was not improper, and precludes this Court from granting Petitioner the relief he seeks. While circuit courts may be split on which approach to use when deciding what constitutes a crime of violence, this Court adopts the holding in *Robinson*, which is precedential and binding on this Court. Accordingly, Petitioner's Motion is denied.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). Because jurists of reason would not disagree with this Court's conclusion, no certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons stated above, the Court lifts the stay in this case. In addition, Petitioner's Motion is DENIED and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 30, 2020